**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00217-CV

_____

**CHRISTOPHER HARRIS, Appellant**

**V.**

**MICHAEL GALLAHER, Appelle**

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. CV35668**

## M E M O R A N D U M   O P I N I O N

This appeal arises from an eviction suit. Appellee, Michael Gallaher, filed an eviction suit in justice court seeking to obtain possession of the property. Appellant, Christopher Harris, appealed to the county court the justice court's judgment awarding possession of the property to Appellee. After a bench trial, the county

court awarded possession to Gallaher. Harris challenges the county court's judgment in a single issue. We affirm.

*Background Facts*

We note at the outset that Gallaher is the record owner of the property. He testified at trial that he permitted Harris, his ex brother-in-law, to live at the property "[a]s long as he took care of it." Gallaher stated that there was no formal lease agreement or anything in writing pertaining to Harris's occupancy of the property and that Harris did not pay him any rent. Instead, Gallaher testified that he permitted Appellant to move onto the property to take care of it. He asked for the county court to enter a judgment requiring Harris to vacate the property.

At trial, Harris took the position that Gallaher had "awarded" the property to him.[1] Harris testified as follows: "This is my home. I was told it was my home. I was told I was awarded it. I was told I earned it. And I moved my family in there." Harris characterized the arrangement as a "handshake agreement." He acknowledged that he did not have record title to the property, and as such, he did not own it.

At the close of evidence, the trial court announced its ruling in favor of Gallaher. The trial court noted that Gallaher is the record owner of the property and that the statute of frauds precluded Harris's claim of an oral conveyance of the property to him.

*Analysis*

In a single issue, Harris contends that Gallaher failed to establish the existence of a tenancy that would permit him to pursue an eviction case against Harris. Harris asserts that the statute of frauds is the "wrong rubric" to analyze this case. Ostensibly, Harris challenges the sufficiency of the evidence to show that he was a

---

[1]Appellant was pro se at trial. He is represented by counsel on appeal.

2

tenant subject to an eviction suit, or that Gallaher established that he had an immediate right to possession. He contends that Gallaher should have brought a suit to quiet title to determine his ownership of the property rather than filing an eviction suit.

The Texas Property Code grants justice courts jurisdiction in an action for forcible detainer. TEX. PROP. CODE ANN. § 24.004 (West Supp. 2025), § 24.002 (West 2023). "Eviction suits are designed to provide 'a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises.'" *Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024) (quoting *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)). "[E]viction suits are limited in scope and effect, with the 'sole focus' being 'the right to immediate possession of real property.'" *Id.* (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)). "A landlord who prevails in an eviction suit is entitled to a judgment for possession of the premises and a writ of possession." PROP. § 24.0061(a).

"Forcible detainer occurs when a person whose initial entry was lawful 'refuses to surrender possession . . . on demand.'" *Westwood Motorcars*, 689 S.W.3d at 883 n.2. (quoting PROP. § 24.002(a)). As relevant to this appeal, a forcible detainer action applies to a tenant at will or by sufferance. *See* PROP. § 24.002(a)(2). Harris contends that there was insufficient evidence that he was a tenant at will or by sufferance. He asserts that evidence showed that Gallaher did not consider Harris to be a tenant, but rather as the "owner and occupier of the property."

If no findings of fact were requested or entered, we infer that the trial court made all findings necessary to support its judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When parties challenge the legal sufficiency of the evidence supporting an adverse finding on which they did not have the burden of proof at trial, they must demonstrate that there is no evidence to support the adverse

3

finding. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). Under a legal sufficiency review, we consider all of the evidence in the light most favorable to the prevailing party, make every reasonable inference in that party's favor, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller*, 168 S.W.3d at 807, 822, 827. We cannot substitute our judgment for that of the factfinder if the evidence falls within this zone of reasonable disagreement. *Id.* at 822.

The evidence is legally insufficient to support a finding only if (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810. "Anything more than a scintilla of evidence is legally sufficient to support the finding." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). "More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions." *Burbage v. Burbage*, 447 S.W.3d 249, 259 (Tex. 2014). "However, if the evidence is so weak that it only creates a mere surmise or suspicion of its existence, it is regarded as no evidence." *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 156 (Tex. 2014).

If a party attacks the factual sufficiency of an adverse finding on an issue in which the other party had the burden of proof, the attacking party must demonstrate that there is insufficient evidence to support the adverse finding. *Croucher*, 660 S.W.2d at 58. In a factual-sufficiency challenge, we consider and weigh all of the evidence, both supporting and contradicting the finding. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). We may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and

4

unjust. *Id.* at 407. We may not substitute our own judgment for that of the factfinder or pass upon the credibility of witnesses. *Id.*

A landlord-tenant relationship exists "when one person occupies the premises of another with the lessor's permission or consent." *Landlord-Tenant Relationship*, BLACK'S LAW DICTIONARY (10th ed. 2014). A tenancy at will is one in which "the tenant holds possession with the landlord's consent but without fixed terms (as for duration or rent)." *Tenancy at will*, BLACK'S LAW DICTIONARY (10th ed. 2014); *see ICM Mortg. Corp. v. Jacob*, 902 S.W.2d 527, 530 (Tex. App.—El Paso 1994, writ denied) ("One in lawful possession of premises by permission of the owner or landlord and for no fixed term is a tenant at will."); *Fandey v. Lee*, 880 S.W.2d 164, 169 (Tex. App.—El Paso 1994, writ denied) ("A tenant at will is one who holds possession of premises by permission of an owner, but without a fixed term."). If a tenant is holding the premises for no certain time as provided by contract, he is merely a tenant at will, and the tenancy may be terminated at the will of either party. *Providence Land Servs., LLC v. Jones*, 353 S.W.3d 538, 542 (Tex. App.—Eastland 2011, no pet.) (citing *Holcombe v. Lorino*, 79 S.W.2d 307, 310 (Tex. 1935)).

Here, Harris contends that the evidence established that he was something other than a tenant because he was occupying the property under an oral agreement whereby Gallaher orally gifted the property to him. As alluded to by the trial court, an oral conveyance of real property is barred by statute. "A valid conveyance of an interest in land 'must satisfy the requirements of both the statute of conveyances, Property Code section 5.021, and the statute of frauds, Business and Commerce Code section 26.001.'" *ConocoPhillips Co. v. Hahn*, 704 S.W.3d 515, 530 (Tex. 2024) (quoting *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 43 (Tex. App.—Houston [1st Dist.] 2011, no pet.)); *See* PROP. § 5.021 (West 2021); TEX. BUS. & COM. CODE ANN. § 26.01 (West 2023). These statutes precluded the trial court from giving any weight to Harris's testimony that he was something other than a tenant.

*See City of Keller*, 168 S.W.3d at 810. Thus, in the absence of a writing sufficiently memorializing the alleged conveyance,[2] Appellant could not demonstrate a superior right to immediate possession. *See Kerley v. Branscome*, No. 10-23-00059-CV, 2024 WL 382522, at *3 (Tex. App.—Waco Feb. 1, 2024, no pet.) (mem. op.); *see also Fandey*, 880 S.W.2d 170.

We infer that the trial court made all findings necessary to support its judgment. *See Worford*, 801 S.W.2d at 109. If the evidence supports the implied findings, we must uphold the trial court's judgment on any theory of law applicable to the case. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). Here, the evidence offered at trial supports the trial court's determination that Gallaher had a superior right to immediate possession over Harris. Further, Gallaher denied Harris's claim of an oral gift of the property. Harris's evidence of an alleged oral gift was not so overwhelming as to render the trial court's judgment clearly wrong and unjust.

Finally, we note that a forcible detainer action is not exclusive. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). As stated by the court in *Salaymeh*:

> Forcible detainer actions are cumulative of any other remedy that a party may have in the courts of this state. The displaced party is entitled to bring a separate suit in the district court to determine questions of title. Forcible detainer suits in justice court may run concurrently with an action in another court—even if the other action involves

---

[2]At trial, Harris referred to text messages "showing all of this." Copies of these text messages were apparently in the documents transmitted from the justice court. However, these documents were not offered into evidence in the county court. Further, they do not contain a property description. *See AIC Mgmt. v. Crews*, 246 S.W.3d 640, 644–45 (Tex. 2008) ("To be valid, a conveyance of real property must contain a sufficient description of the property to be conveyed. A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.").

adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible detainer suit.

*Id.* at 436 (internal citations omitted). Thus, "[w]hen there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction." *Espinoza v. Lopez*, 468 S.W.3d 692, 695 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Accordingly, Harris was not without a remedy—he could have litigated in the district court his claim of an alleged oral gift of the property.

We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the county court.


JOHN M. BAILEY

CHIEF JUSTICE


July 23, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.